■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RIVERA, Appellant. [699 NYS2d 670] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered September 21, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The record does not support defendant's claim that he was denied a fair trial by alleged prosecutorial misconduct in presentation of evidence and in summation. Defendant's mistrial motion concerning an isolated summation remark was properly denied since the court's curative instructions were sufficient to prevent any prejudice. By failing to object, or by failing to make specific objections, or by failing to request further relief after the court sustained objections and issued curative instructions, defendant failed to preserve his remaining claims of prosecutorial misconduct and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. It is presumed that the jury understood and followed the court's curative instructions, and since defendant did not enter any exception thereto, he may not now properly claim that the court's actions were inadequate (*see, People v Overlee*, 236 AD2d 133, 141-142, *lv denied* 91 NY2d 976). We further note that the court properly exercised its discretion in receiving police testimony regarding general street level drug operations, with appropriate limiting instructions, as relevant to the circumstance that no buy money or drugs were recovered from defendant upon arrest (*see, People v Luquis*, 254 AD2d 113, *lv denied* 92 NY2d 1051).

Since defendant made no request for a sanction, he has failed to preserve his claim that the court should have imposed a sanction for the prosecutor's alleged interference with defendant's attempt to have evidence tested by a defense expert, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court made appropriate rulings in connection with defendant's application for an expert analysis of the evidence, that the prosecutor followed the court's rulings, and that it was defense counsel's tactical decision that caused the delay resulting in the ultimate, unanticipated unavailability of the proper expert witness. In any event, defendant's suggestion that an expert analysis of the evidence would have proved exculpatory rests on speculation.

We conclude from our examination of the existing record that defendant received effective assistance of counsel (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Baldi*, 54 NY2d 137). Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.