■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [706 NYS2d 306] —Judgment of resen-

tence, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered December 23, 1997, convicting defendant, after a nonjury trial, of burglary in the second degree and criminal mischief in the fourth degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life and 1 year, respectively, and order, same court and Justice, entered on or about October 20, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the court's determinations concerning credibility. The court properly rejected, as incredible, defendant's explanation for his presence in the complainant's ransacked apartment.

We conclude that defendant received effective assistance of counsel (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Baldi*, 54 NY2d 137), and that his motion to vacate judgment was properly denied. Although defendant claims that his trial counsel's misapprehension (shared by the court and prosecutor) as to the lawful scope of sentence in the event of a conviction after trial led him to reject a favorable plea offer, defendant was not prejudiced because the offered sentence was itself unlawful. Counsel's conduct of the trial afforded defendant meaningful representation.

The court's vacatur of the unlawful sentence originally imposed and its imposition of the minimum lawful sentence did not constitute cruel and unusual punishment. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.