■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MATHIEN, Also Known as PATRICK MATHIEU, Appellant. [714 NYS2d 28] —Judgment, Supreme Court, New York County (Harold Beeler, J., at hearing; Jay Gold, J., at jury trial and sentence), rendered May 28, 1997, convicting defendant of burglary in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification.

The court properly exercised its discretion in excluding expert testimony on cross-racial identification (*see, People v Mooney*, 76 NY2d 827; *see also, United States v Bowman*, 907 F2d 63).

Defendant has failed to preserve for appellate review his contention that a certain comment of the prosecutor during summation deprived him of a fair trial and we decline to review in the interest of justice. Were we to review such claim, we would find that, viewed in context, the comment did not improperly suggest that defendant was guilty of a charge of which he was acquitted at a previous trial of this indictment.

Although the hearing court should have permitted defense counsel to question the complainant concerning the possible impact of the improper showup on any in-court identification, the record establishes that such evidence was before the court, which then weighed the appropriate factors in determining whether an independent source existed for the complainant's in-court identification against the suggestive effect of the invalid identification procedure. The record supports the court's conclusion that clear and convincing evidence existed for such a finding of independent source.

Since defendant's ineffective assistance claim rests largely on facts dehors the record and matters of strategy of a type requiring explanation, it would require a CPL 440.10 motion. To the extent the present record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.