■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL THOMAS, Appellant. [731 NYS2d 372] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered May 24, 1999, convicting defendant, after a jury trial, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find the evidence to be legally sufficient in that defendant, who had been permitted to remain at liberty following his arraignment, failed to appear for two scheduled court dates and was involuntarily returned to court almost four months later by the police. Even if we were to accept defendant's claim that he was unaware of these court dates, we would find that defendant was solely responsible for such unawareness.

The court properly instructed the jury on all the necessary elements of bail jumping (Penal Law § 215.56).

On the present record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Counsel's failure to request an instruction on the statutory affirmative defense to bail jumping could not have deprived defendant of a fair trial, since there is no indication in the record that defendant's nonappearance was due to circumstances beyond his control (*see,* Penal Law § 215.59).

The motion court correctly granted the People's motion to consolidate the underlying substantive indictment with the bail jumping indictment (*see,* CPL 200.20 [2] [b]; *People v Contreras*, 191 AD2d 235, *lv denied* 82 NY2d 716, *cert denied* 511 US 1040). Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.