■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY BURRELL, Appellant. [759 NYS2d 869] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered May 15, 1998, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him,

as a second violent felony offender, to concurrent terms of 12½ to 25 years and 7½ to 15 years, respectively, and order, same court and Justice, entered on or about August 17, 1999, which denied defendant's motion to vacate judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility. Defendant's accessorial liability can be readily inferred from the entire course of conduct of defendant and the other perpetrators. We note that defendant's arguments on the issue of his participation in the crime are substantially similar to arguments already rejected by this Court on a prior appeal in this case, albeit in a different procedural context (*People v Burrell*, 236 AD2d 240 [1997]).

Defendant's motion to suppress statements made after he had invoked his rights to counsel and against self-incrimination was properly denied. The hearing evidence established that these statements were spontaneous and not the product of police interrogation. The detective's actions in calling the victim to arrange a lineup and photocopying defendant's telephone book for the purpose of pursuing leads to possible accomplices were incidental to processing the arrest and did not constitute interrogation or its functional equivalent, even though these steps were taken within defendant's sight and hearing (*see People v Smith*, 298 AD2d 182 [2002], *lv denied* 99 NY2d 585 [2003]; *compare People v Ferro*, 63 NY2d 316, 322 [1984]). Similarly, the detective's brief and innocuous response to a question from defendant was not interrogation (*see People v Lynes*, 49 NY2d 286, 294-295 [1980]).

Defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]), and the court properly denied his CPL 440.10 motion raising that issue. Since defendant has not established that a speedy trial motion would have been meritorious, he has not shown that his attorney was ineffective for failing to make such a motion. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.