Davis, J.
(concurring). I concur with the majority’s opinion that the defendant’s ineffective assistance of counsel claim would require a CPL 440.10 motion to expand the record as to counsel’s rationale for entering into a stipulation acknowledging that the pipe and screen admitted into evidence were the same pipe and screen containing crack residue as those recovered by the police officer “relating to this incident.”
It is, of course, permissible to stipulate to an otherwise uncorroborated chain of custody. Such a stipulation should not, however, have contained language that undermined the defen *66 dant’s trial theory that he did not possess the pipe and screen the police witness claimed to have seized from him. While counsel’s representation was otherwise effective, an issue of fact exists as to whether counsel’s decision to enter into the stipulation — expressly conceding that the drug paraphernalia placed in evidence was the same as that “recovered by” the arresting police officer “relating to this incident” — was actually based on a “reasonable and legitimate strategy” (People v Benevento, 91 NY2d 708, 713 [1998]) in circumstances where defendant’s subsequent testimony denied ownership or knowledge of the contraband and counsel’s summation statements sought to discredit the prosecution evidence as to how the police “retrieved” the contraband.
McCooe, J.E, and Schoenfeld, J., concur; Davis, J., concurs in a separate memorandum.