■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KESTON WATSON, Appellant. [812 NYS2d 532]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered June 17, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

Defendant's claim that he was denied effective assistance because of his counsel's failure to resubmit a suppression motion, which had been denied with leave to resubmit upon appropriate allegations, is not reviewable on direct appeal because it involves facts outside the record, particularly as to the information available to counsel at the time of the motion, as well as his choice of trial strategy (*see People v Polanco*, 13 AD3d 100 [2004], *lv denied* 4 NY3d 802 [2005]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). "Although we recognize that the evidence that would have been presented at a suppression hearing would not necessarily have been identical to that presented at trial, we conclude, on the basis of the trial evidence, which fully explored the circumstances of defendant's encounter with the police and showup identification, that a suppression motion would have had no chance of success" (*People v Patterson*, 22 AD3d 228, 228 [2005], *lv denied* 6 NY3d 757 [2005]). Finally, we find no merit to defendant's suggestion that there may have been a viable agency defense in this case (*see e.g. People v Lam Lek Chong*, 45 NY2d 64 [1978], *cert denied* 439 US 935 [1978]). Concur—Buckley, P.J., Tom, Andrias, Gonzalez and Sweeny, JJ.