■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMINK MARTIN, Also Known as TOMMY REGIN, Appellant. [854 NYS2d 702]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 21, 2005, convicting defendant, after a jury trial, of criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), robbery in the first degree, attempted robbery in the first degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its acceptance of the testimony of the two victims and rejection of that of defendant. Defendant's arguments concerning his assault conviction under Penal Law § 120.05 (3) are likewise meritless.

Defendant has not established that he was prejudiced in any way by the court's conduct of the trial (see e.g. *People v Pierce*, 303 AD2d 314 [2003], *lv denied* 100 NY2d 565 [2003]). To the extent there were acrimonious exchanges between the court and defense counsel, they took place outside the presence of the jury. To the extent defendant challenges the court's conduct in the jury's presence, that conduct consisted of making proper rulings on evidence or innocuous comments such as telling counsel to speak more slowly. Defendant's related claim that he was deprived of the effective assistance of counsel is without merit (see *People v Benevento*, 91 NY2d 708, 713-714 [1998]; see also *Strickland v Washington*, 466 US 668 [1984]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (see *People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459

---

[1994]). The court properly exercised its discretion in denying defendant's mistrial motion made after the prosecutor went beyond the *Sandoval* ruling during cross-examination; a curative instruction would have sufficed, but defendant expressly declined that remedy (*see People v Young*, 48 NY2d 995 [1980]).

The court properly exercised its discretion in limiting defendant's cross-examination of one of the victims, and its ruling did not impair defendant's right of confrontation (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]) or cause him any prejudice. Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ.