Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 23, 2002, convicting defendant, after a jury trial, of murder in the second degree and assault in the first degree, and sentencing him to consecutive terms of 25 years to life and I2V2 to 25 years, unanimously affirmed.
In July, 2005, defendant moved in Supreme Court, pursuant to CPL 440.10 (1) (b), (c), (g) and (h), for an order vacating the judgment of conviction. In support of the motion, defendant argued that contrary to their obligations under Brady v Maryland (373 US 83 [1963]), the People failed to disclose exculpatory material consisting of a police complaint follow-up report (form DD5) reciting the statement of an uncalled witness, as well as the witness’s handwritten statement. As additional grounds for the motion, defendant argued that the People knowingly relied upon false testimony and that his trial attorney failed to provide effective representation. After conducting an evidentiary hearing, Supreme Court denied the motion. In so doing, the court found that the DD5 had been turned over to the defense and, in any event, was not exculpatory.* The court rejected defendant’s additional grounds as well. By certificate entered September 27, 2007, this Court (Kavanagh, J.) denied *350 defendant’s application for leave to appeal the CPL 440.10 determination.
In February, 2008, the People moved for an order striking defendant’s brief, appendix and note of issue on the ground that the instant appeal is based upon the same grounds advanced in support of defendant’s unsuccessful CPL 440.10 motion. As opposition to the motion, defendant’s present counsel submitted an affidavit which reads, in part, as follows: “The defendant/ appellant submits that the issues contained in defendant/ appellant’s brief previously submitted are based upon the record of the proceedings pre-trial and at the trial of this indictment which has been filed with the Court. We submit that all four issues contained therein are properly before this Court as they are all derived from the trial record and are not based upon the record of the motions filed by defendant pursuant to CPL § 440.10 and the hearings held by order of the trial court. The fact that these issues were argued in the 440 motions does not change the fact that they are before this Court as derived from the trial record below.” On February 26, this Court denied the motion to strike without prejudice to addressing the issue on appeal.
Defendant now raises the same arguments he unsuccessfully made in support of the CPL 440.10 motion in 2005. Moreover, the appendix he proffers consists of the record developed on the motion as opposed to the trial record. On this score, we note our displeasure with the patent falsity of counsel’s affirmation as set forth above. To the extent that any of defendant’s ineffective assistance of counsel claims could be viewed as based on the trial record itself, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Concur—Saxe, J.P, Catterson, McGuire, Acosta and DeGrasse, JJ.

 Defendant’s trial counsel testified at the hearing that he was in possession of a legible copy of the DD5 prior to trial.