■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO FERNANDEZ, Appellant. [870 NYS2d 351]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about June 13, 2006, which denied defendant's CPL 440.10 motion to vacate a judgment, same court (Leslie Crocker Snyder, J.), rendered June 21, 1996, convicting him, after a jury trial, of murder in the second degree, unanimously affirmed.

The portion of defendant's motion alleging ineffective assistance of counsel is without merit. Defendant received effective assistance at trial under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Contrary to defendant's argument, his trial counsel extensively exploited the differences between defendant's appearance and the description of the gunman provided by certain witnesses. Among other things, trial counsel introduced three photographs of defendant in order to establish his appearance at the time of the incident. Counsel acted reasonably in declining to place in evidence the photo array from which defendant was identified prior to the lineup identifications. Defendant argues that his at-

torney should have introduced the array to highlight the difference in skin tone between the persons in the array, including himself, and the described gunman. However, defendant would have gained little or nothing by such a tactic, and any gain would have been outweighed by such disadvantages as introducing prior consistent identifications that would otherwise have been excluded under the rule against photographic identifications, demonstrating to the jury that the witnesses were able to pick defendant out of a nonsuggestive array, and implying that defendant had a prior record.

The other branches of defendant's motion, including his remaining constitutional claims, turn on the credibility of a recanting witness who essentially recanted his recantation and then recanted all over again, and of a person wounded during the homicidal attack, who first came forward to exculpate defendant 10 years after the crime when relatives of defendant visited him in prison. The hearing court, which saw and heard these witnesses, found them both to be completely incredible, and there is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Furthermore, even if these witnesses, and another witness who recanted by affidavit only, were to exculpate defendant at a new trial, and all other evidence remained the same, the evidence of defendant's guilt would remain overwhelming, as we found on defendant's direct appeal (249 AD2d 3 [1998], *lv denied* 92 NY2d 897 [1998]). Defendant's claim to the contrary rests primarily on the discrepancies between his appearance and that of the described gunman. A jury could find that these discrepancies are explainable, and, in any event, we ascribe much greater significance to the fact that, despite the brevity of their observations, two untainted, nonrecanting witnesses independently identified the same person, i.e. defendant, who was also the very same person implicated by two other witnesses, who were defendant's fellow drug traffickers. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.