*533 Judgment, Supreme Court, New York County (Brenda Soloff and Rena K. Uviller, JJ., on motions; Renee A. White, J., at jury trial and sentence), rendered February 26, 2008, convicting defendant, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender and to a term of three years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility. We do not find the police testimony connecting defendant to the drugs in question to be implausible.
Each of defendant’s suppression claims is procedurally defective. The court correctly denied as untimely defendant’s attempt, made on the eve of trial and long after the legality of the search warrant had been litigated, to assert that the no-knock entry into his apartment required suppression of the drugs because the warrant did not expressly authorize that manner of entry. From the inception of the case, defendant could have provided his attorney with sufficient information to raise this issue in a timely fashion (see People v Graham, 258 AD2d 387 [1999], lv denied 93 NY2d 899 [1999]). Defendant failed to preserve his contention that the information in the warrant application was stale, and we decline to review it in the interest of justice. As an alternative holding, we also reject each of these suppression claims on their merits.
To the extent that defendant is raising an ineffective assistance of counsel claim, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Concur—Tom, J.P., Buckley, Catterson, Freedman and Abdus-Salaam, JJ.