■ The People of the State of New York, Respondent, v Mark Davis, Appellant. [911 NYS2d 11]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered on or about May 26, 2005, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 10 years, unanimously modified, on the law, to the extent of vacating the imposition of a DNA databank fee, and otherwise affirmed. Order, same court (Michael R. Sonberg,

J.), entered on or about September 30, 2009, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility, including its evaluation of the differences between the victim's description of his assailant's hairstyle and facial hair and other evidence bearing on defendant's possible appearance around the time of the crime, including the photo taken at his arrest six months afterwards.

Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The CPL 440.10 motion court conducted a thorough evidentiary hearing on this issue (see 25 Misc 3d 1207[A], 2009 NY Slip Op 51994[U] [2009]), and the record supports its detailed findings of fact, including credibility determinations, and its conclusions of law. To the extent that trial counsel may have erred in opening the door to the admission of a certain photograph or photographs depicting defendant's hairstyle on occasions prior to the crime, defendant has not shown a reasonable probability that such a mistake or mistakes affected the outcome of the trial (see Strickland, 466 US at 694). We are not persuaded that the photographs eviscerated defendant's defense or were otherwise so prejudicial as to undermine confidence in the result. The evidence adduced at the hearing and properly credited by the court establishes that the remaining acts or omissions of counsel that defendant challenges met an "objective standard of reasonableness" (id. at 688). In any event, we also conclude that none of these acts or omissions, viewed individually or collectively, had a reasonable probability of affecting the outcome or depriving defendant of a fair trial. In particular, defendant has not shown how different courses of action by counsel would have improved the quality or quantity of the evidence that counsel placed before the jury to impeach the victim's credibility and the reliability of his identification.

None of the trial court's evidentiary rulings warrant reversal. While a detective gave testimony that could be viewed as implicitly bolstering the victim's identification, the court's limiting instruction was sufficient to prevent any prejudice. The court gave defendant ample latitude in which to impeach the victim as to all matters relating to his credibility, and it properly exercised its discretion in limiting impeachment that was con-

trary to the rules of evidence. Accordingly, there was no violation of defendant's right to confront witnesses and present a defense (see *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant did not preserve his challenge to the court's response to the jury's deadlock note, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The charge contained language that effectively conveyed the concept that it was the jurors' "duty to decide the case if they could conscientiously do so" (*Allen v United States*, 164 US 492, 501 [1896]), and it was not constitutionally deficient (see *Spears v Greiner*, 459 F3d 200 [2d Cir 2006]). We have considered and rejected defendant's additional ineffective assistance of counsel claim relating to this issue.

The DNA databank fee should not have been imposed, as the authorizing legislation (Penal Law § 60.35 [1] [former (e)] [now Penal Law § 60.35 (1) (a) (v)]) became effective after the crime was committed. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.