■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RODRIGUEZ, Appellant. [821 NYS2d 755]—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered November 24, 2004, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Defendant's challenge to the court's justification charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that although, under the facts presented, defendant was entitled to a charge on use of force in defense against a robbery (*see* Penal Law § 35.15 [2] [b]), the absence of such charge did not prejudice defendant "[b]ecause there was overwhelming evidence disproving the justification defense and no reasonable possibility that the verdict would have been different had the charge been correctly given" (*People v Petty*, 7 NY3d 277, 286 [2006]). For the same reason, counsel's failure to request a charge on defense against a robbery did not constitute ineffective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed by the judgment, as the court recognized at sentencing. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.