10-2412-pr
Rodriguez v. Ercole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand eleven.

Present:   PIERRE N. LEVAL,
           ROBERT A. KATZMANN,
           PETER W. HALL,
                     *Circuit Judges*.

_____

MICHAEL RODRIGUEZ,

                     *Petitioner-Appellant*,

           - v. -                    No. 10-2412-pr

ROBERT ERCOLE, Superintendent,
Greenhaven Correctional Facility

                     *Respondent-Appellee*.

_____

For Petitioner-Appellant:        ROBERT S. DEAN, Center for Appellate Litigation, New York, N.Y.

For Respondent-Appellee:         RITHER ALABRE, Assistant District Attorney (Joseph N. Ferdenzi, Assistant District Attorney, *on the brief*), *for* Robert T. Johnson, District Attorney for Bronx County, Bronx, N.Y.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Michael Rodriguez appeals from a judgment, entered on June 11, 2010, in the United States District Court for the Southern District of New York (Scheindlin, *J.*), denying Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). The district court concluded that the New York Supreme Court, Appellate Division, did not unreasonably apply clearly established federal law in declining to reverse Rodriguez's assault conviction based on his claims that his counsel was ineffective in failing to request a defense-against-robbery charge instead of a defense-against-deadly-froce justification charge. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews a district court's denial of a petition for a writ of habeas corpus *de novo* and its findings of fact for clear error. *Mannix v. Phillips*, 619 F.3d 187, 195 (2d Cir. 2010). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas relief only if the state court judgment rejecting the petitioner's constitutional claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

*Strickland v. Washington*, 466 U.S. 668 (1984), clearly established that to demonstrate a violation of the right to effective assistance of counsel, a defendant must show, *inter alia*, that "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Strickland*, 466 U.S. at 687. A defendant

2

"must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Brown v. Artuz*, 124 F.3d 73, 79-80 (2d Cir. 1997) (quoting *Strickland*, 466 U.S. at 694).

The Appellate Division rejected Rodriguez's ineffective assistance claim because it concluded that even if a robbery-defense charge had been given, there is no reasonable probability that the jury would have acquitted him. The Appellate Division's ruling was not contrary to, or an unreasonable application of, *Strickland*. Under New York law, a defense-against-robbery charge may be more favorable to a defendant than a defense-against-deadly force charge because the former, unlike the latter, justifies a defendant's use of deadly force to repel a robbery attempt, even if the robber threatened the defendant with less than deadly force and even if the defendant could have retreated with complete safety. N.Y. Penal Law § 35.15. Nevertheless, if the jury had accepted Rodriguez's version of events — that the complainant, Robert Rivera, threatened to rob him at knifepoint and that they struggled inside a telephone booth — the jury would have acquitted him under the defense-against-deadly force charge that was given. According to Rodriguez's own testimony, he faced deadly force (because Rivera attacked him with a knife) and he could not have retreated with safety (because he and Rivera were locked in close combat inside the booth until Rivera fled).

In fact, because the prosecution bears the burden of disproving a justification defense beyond a reasonable doubt, if the jury had not found beyond a reasonable doubt that Rodriguez's version of events was false, it would have been compelled to acquit him. The verdict therefore established that the jury found Rodriguez to be lying. Because the jury found beyond a reasonable doubt that Rodriguez lied in important aspects of his testimony, there is no reasonable likelihood

3

that it would have acquitted him had a robbery-defense charge been given. This is all the more so because the prosecution's only attack on the elements of justification was in proving that Rodriguez, and not Rivera, was the initial aggressor. The difference between the prosecution's evidence and the defense evidence was directed solely to the question of who first attacked whom. In these circumstances, it is highly likely that the jury returned a guilty verdict because it found beyond a reasonable doubt that it was Rodriguez who first attacked Rivera, and disbelieved Rodriguez's claim that he was attacked by Rivera. Accordingly, the Appellate Division was not unreasonable to conclude that there is no reasonable probability that robbery-defense charge would have helped Rodriguez.

Rodriguez argues that the New York Supreme Court Appellate Division's holding is illogical because it makes no sense for the court to have determined on the one hand that Rodriguez was entitled at trial to a defense-against-robbery justification but, on the other hand, to have ruled that the failure to have given that charge was not prejudicial. *People v. Rodriguez*, 821 N.Y.S.2d 755, 756 (App. Div. 1st Dep't 2006). This argument is without merit. The question whether an error was made is distinct from the question of the extent of the prejudice flowing from the error. There is nothing unreasonable in the Appellate Division's ruling that, while Rodriguez was entitled to a robbery-defense charge, his counsel's failure to request one was not sufficiently prejudicial to require overturning his conviction by reason of ineffective assistance of counsel.

We have considered Rodriguez's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4