■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAIQUAN WALTERS, Appellant. [960 NYS2d 43]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered January 12, 2011, as amended April 26 and April 28, 2011, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

Defendant's arguments concerning evidence of uncharged crimes are entirely unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The probative value of this evidence outweighed its prejudicial effect.

Most of the evidence supporting the element of intent to sell came from a civilian witness, who saw defendant engaging in what reasonably appeared to be drug transactions shortly before defendant's arrest, as well as on prior occasions. Defendant argues that testimony about events on prior dates was inadmissible evidence of criminal propensity. However, a material issue in the case was whether the civilian witness had misidentified defendant. The witness's testimony that he observed defendant conducting hand-to-hand transactions outside his building in the past was probative of his ability to make a reliable identification. The fact that the witness had seen defendant engaging in criminal activity explained why he focused on defendant, and the value of this evidence would have been unduly restricted had it been limited to testimony that the witness had simply seen defendant on unspecified prior occasions (*see e.g. People v Matthews*, 276 AD2d 385 [2000], *lv denied* 96 NY2d 736 [2001]).

The fact that the witness was unable to identify the objects defendant had sold on the prior occasions did not undermine

the probative value of this evidence, since "any person observing defendant . . . , using good common sense, would have, in the totality of circumstances, concluded that defendant was involved in the sale of narcotics" on those occasions (*People v Graham*, 211 AD2d 55, 60 [1995], *lv denied* 86 NY2d 795 [1995]). We also find that defendant was not prejudiced by the lack of an advance ruling, or the lack of limiting instructions.

Defendant's arguments concerning expert testimony on street-level drug sales, and the court's instructions on that subject, are likewise unpreserved, and we decline to review them in the interest of justice. We note that defendant conceded that an officer could give the testimony at issue on the basis of his experience as a narcotics officer; defendant only objected to labeling the officer an expert witness. As an alternative holding, we also reject them on the merits. The court properly exercised its discretion in admitting the officer's brief and limited testimony that drug sellers often keep a stash of drugs hidden nearby. Defendant did not have any drugs in his possession when arrested, and was repeatedly observed returning to a trash can, near which the drugs were ultimately recovered. Defendant made an issue of the absence of any drugs on his person, and jurors might not have been familiar with the use of hidden stashes (*see People v Brown*, 97 NY2d 500, 505-507 [2002]). The court's instructions on expert testimony were sufficient to convey the applicable standards.

We have considered and rejected defendant's ineffective assistance of counsel argument (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.