■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNARD BLOUNT, Appellant. [5 NYS3d 75]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered September 20, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

Defendant has not established that he was deprived of effective assistance of counsel under the state or federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]) when his counsel made a summation remark that inadvertently opened the door to the admission of previously excluded evidence that $49 was recovered from defendant at the time of his arrest. Defendant asserts that evidence that he possessed $49 undermined the defense theory that defendant was not selling drugs at the time of the incident, but was merely an impoverished addict looking for free drugs. However, $49 was not a particularly large amount of money, the jury was already aware that defendant was at least solvent enough to have a working cell phone at the time, and the court carefully instructed the jury "not to infer that this money is involved in the allegations in

this case." Accordingly, we conclude that the introduction of the precluded evidence did not affect the outcome of the case or deprive defendant of a fair trial.

The court properly exercised its discretion in precluding defendant from asking an undercover officer whether he had ever been recognized as a police officer in his prior buy and bust operations. While defense counsel asserted the theory that the officer had a motive to fabricate a drug sale because defendant had recognized him to be a police officer, counsel was permitted to elicit sufficient testimony to support that argument without broadening the inquiry into other, unrelated sales. A trial court has discretion to determine the scope of cross-examination (*People v Corby*, 6 NY3d 231, 234 [2005]), and the court's ruling did not deprive defendant of his right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.