OPINION OF THE COURT
 

 Smith, J.
 

 Defendant successfully claimed at the Appellate Division that he was deprived of his constitutional right to the effective
 
 *710
 
 assistance of counsel. We conclude that, upon this record, defendant received meaningful representation. Accordingly, the order of the Appellate Division should be reversed.
 

 Shortly after 2:00 a.m. on June 17, 1993, the complainant was walking down Bleecker Street in Manhattan when she noticed a man following closely behind her. After a brief verbal exchange with defendant, she crossed the street and turned away. At this point, defendant ran up behind her and knocked her to the ground. Defendant began slapping and punching the woman in the face while screaming obscenities at her. The woman also felt defendant’s hands fondling her breasts and pelvic area. When some bystanders approached to assist the woman, defendant stole $15 from her pocket and ran off. Chased by the group, defendant discarded the stolen money but ultimately surrendered to one of his pursuers.
 

 As he was escorted to the crime scene, defendant admitted to stealing the complainant’s money. Defendant made a similar confession to the police officers upon his arrest and confessed a third time to an Assistant District Attorney during later questioning. Defendant tried to explain that, prior to the incident, he had been drinking “a lot of Jack Daniels,” and, upon observing the complainant, he “said something stupid to her and then went crazy on her.” Defendant was indicted and charged with robbery in the second degree.
 

 From his opening statement to the jury, defense counsel indicated that his strategy was to convince the jury that defendant lacked the requisite intent to deprive the complainant of her property. While counsel conceded that defendant assaulted the complainant, counsel argued “that there [was] abundant doubt, not just reasonable doubt that [defendant] intended to deprive the complaining witness of any property whatsover,” an essential element to convict defendant of the sole crime charged in the indictment. In light of that strategy, counsel noted that defendant already had $200 on his person at the time of the alleged robbery. Counsel also adduced evidence that defendant was too intoxicated to form the requisite intent. Although counsel did not highlight the evidence of intoxication during his summation to the jury, he requested and received a jury instruction in that regard.
 

 Defendant points to counsel’s other efforts that he now claims were deficient. For example, counsel indicated during his opening statement that defendant would testify as to a lack of intent, but defendant ultimately did not take the stand.
 
 *711
 
 Counsel also requested, but was denied, a jury charge on assault as a “lesser included offense.” Finally, counsel delivered a summation and used hypotheticals that the Trial Judge ruled, on objection by the People, irrelevant to the case. Nevertheless, counsel’s summation reiterated the primary strategy of the defense, that defendant lacked the requisite intent to deprive the complainant of her property.
 

 The jury convicted defendant of second -degree robbery. Defendant was sentenced to an indeterminate prison term of IV2 to 4V2 years. A majority at the Appellate Division found that the trial record demonstrated that defendant had not received “meaningful assistance” because counsel’s conduct indicated “no discernible defense strategy” (239 AD2d 132, 133). One Justice dissented and concluded that “counsel [had] pursued the
 
 only
 
 viable defense based on the evidence”: attempting to convince the jury that defendant was “not guilty of robbery based on the lack of evidence of intent to steal” (239 AD2d, at 134, 136). We agree with the dissent and reverse the order of the Appellate Division.
 

 I
 

 An “essential ingredient in our system of criminal jurisprudence, rooted deeply in our concept of a fair trial within the adversarial context”
 
 (People v
 
 Felder, 47 NY2d 287, 295) is the right to the assistance of counsel guaranteed under both the Federal and State Constitutions (see, US Const 6th Amend; NY Const, art I, § 6). The constitutional mandate extends to the giving of “effective” aid
 
 (Powell v
 
 Alabama, 287 US 45, 71) which generally means “the reasonably competent services of an attorney devoted to the client’s best interests”
 
 (People v Ortiz,
 
 76 NY2d 652, 655-656;
 
 People v Bennett,
 
 29 NY2d 462, 466 [the right “means more than just having a person with a law degree nominally represent (defendant) upon a trial and ask questions”]). The fundamental right to the “ ‘effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial’ ” in an adversarial system of justice
 
 (People v Claudio,
 
 83 NY2d 76, 80 [citation omitted]).
 

 
 *712
 
 The phrase “effective assistance” is not, however, amenable to precise demarcation applicable in all cases
 
 (see, People v Baldi,
 
 54 NY2d 137, 146 [“(w)hat constitutes effective assistance * * * varies according to the unique circumstances of each representation”];
 
 People v Rivera,
 
 71 NY2d 705, 708). Thus, this Court has long applied a flexible standard to analyze claims based upon a deprivation of rights guaranteed under the New York State Constitution due to counsel’s alleged ineffectiveness. As we have held, “[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met”
 
 (People v Baldi,
 
 54 NY2d, at 147). The core of the inquiry is whether defendant received “meaningful representation.”
 

 In applying this standard, counsel’s efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective
 
 (see, People v Satterfield,
 
 66 NY2d 796, 799). The Constitution guarantees the accused a fair trial, not necessarily a perfect one
 
 (see, People v Flores,
 
 84 NY2d 184, 187;
 
 People v Ford,
 
 86 NY2d 397, 404 [“The phrase ‘meaningful representation’ does not mean ‘perfect representation’ ”];
 
 People v Aiken,
 
 45 NY2d 394, 398 [“representation * * * need not be errorless”];
 
 People v Modica,
 
 64 NY2d 828, 829 [“the test being ‘reasonable competence’, not perfect representation”]). That a defendant was convicted may have little to do with counsel’s performance, and courts are properly skeptical when “disappointed prisoners try their former lawyers on charges of incompetent representation”
 
 (People v Brown,
 
 7 NY2d 359, 361).
 

 Accordingly, a reviewing court must avoid confusing “true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis”
 
 (People v Baldi,
 
 54 NY2d, at 146). Rather, “it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations” for counsel’s alleged shortcomings
 
 (People v Rivera,
 
 71 NY2d, at 709;
 
 compare, People v Flores,
 
 84 NY2d 184,
 
 supra, with People v Bennett,
 
 29 NY2d 462, 465,
 
 supra; People v Droz,
 
 39 NY2d 457, 463;
 
 People v Gonzalez,
 
 47 NY2d 606, 611). Counsel’s performance should be “objectively evaluated”
 
 (People v Angelakos, 70
 
 NY2d 670, 673) to determine whether it was consistent with strategic decisions of a “reasonably competent attorney”
 
 (People v Satterfield,
 
 66 NY2d 796, 799,
 
 supra; People v Angelakos, 70
 
 NY2d 670, 673,
 
 supra).
 
 As long as the defense
 
 *713
 
 reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance (see,
 
 e.g., People v Lane,
 
 60 NY2d 748, 750). As we have stated,
 

 “[t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice”
 
 (People v Flores,
 
 84 NY2d 184, 187,
 
 supra).
 

 The Federal standard for claims of ineffective assistance based upon a counsel’s performance was set forth by the Supreme Court in
 
 Strickland v Washington
 
 (466 US 668). The two-part
 
 Strickland
 
 test requires a showing that “counsel’s performance was deficient and that the deficiency in performance prejudiced defendant”
 
 (People v Ford,
 
 86 NY2d 397, 405,
 
 supra).
 
 As to the “prejudice” aspect, “defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome” (466 US, at 694).
 

 We have similarly noted that a claim of ineffective assistance of counsel will be sustained only when it is shown that counsel partook “an inexplicably prejudicial course”
 
 (People v Zaborski,
 
 59 NY2d 863, 865). However, prior to
 
 Strickland,
 
 we had “developed a somewhat different test for ineffective assistance of counsel under article I, § 6 of the New York Constitution from that employed by the Supreme Court in applying the Sixth Amendment”
 
 (People v Claudio,
 
 83 NY2d 76, 79). Under the State Constitution, “prejudice” is examined more generally in the context of whether defendant received meaningful representation.
 

 The question is whether the attorney’s conduct constituted “ ‘egregious and prejudicial’ ” error such that defendant did not receive a fair trial
 
 (People v Flores,
 
 84 NY2d 184, 188-189,
 
 supra’, see also, People v Hobot,
 
 84 NY2d 1021, 1022 [test is whether counsel’s errors “seriously compromise() a defendant’s right to a fair trial”];
 
 People v Jones,
 
 30 AD2d 1038, 1039 [counsel’s errors were “so prejudicial to the defendant” that they deprived him of a “fair trial”],
 
 affd
 
 25 NY2d 637). Stated another way, a court must examine whether counsel’s acts or
 
 *714
 
 omissions “prejudice [d] the defense or defendant’s right to a fair trial”
 
 (People v Hobot,
 
 84 NY2d 1021, 1024, supra;
 
 see also, People v Bennett,
 
 29 NY2d 462, 464,
 
 supra
 
 [question is whether “the representation of a defendant by his assigned lawyer was so inadequate and ineffective as to deprive him of a fair trial”];
 
 People v Aiken,
 
 45 NY2d 394, 401,
 
 supra
 
 [“basic issue” is “whether a defendant’s counsel, appointed or retained, failed to provide effective legal representation, thereby depriving the defendant of a fair trial”]).
 

 While the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case. In that regard, we have refused to apply the harmless error doctrine in cases involving substantiated claims of ineffective assistance
 
 (see, People v LaBree,
 
 34 NY2d 257, 260;
 
 cf., People v Wicks,
 
 76 NY2d 128 [harmless error analysis proper in cases involving certain preliminary hearings though not to errors made at trial or generally during course of prosecution]). Thus, whether defendant would have been acquitted of the charges but for counsel’s errors is relevant, but not dispositive under the State constitutional guarantee of effective assistance of counsel. The safeguards provided under the Constitution must be applied in all cases to be effective and, for that reason, “our legal system is concerned as much with the integrity of the judicial process as with the issue of guilt or innocence”
 
 (People v Donovan,
 
 13 NY2d 148, 153-154).
 

 II
 

 Applying the well-settled
 
 Baldi
 
 test to the facts before us, we conclude that this defendant received effective assistance of counsel. Far from being inconsistent with reasonable representation, counsel logically attempted to disprove an element of the charged crime — a standard defense tactic
 
 (see, People v Ellis,
 
 81 NY2d 854 [counsel provided meaningful representation by arguing that defendant, charged with robbery, had only committed a larceny];
 
 People v Lane,
 
 60 NY2d 748, 750). The claimed deficiencies in counsel’s performance do not undercut the conclusion that defendant, who had previously confessed to the crime, received meaningful representation. The defense strategy remained clear from counsel’s opening remarks through his summation. Counsel supported the strategy by introducing evidence of intoxication and requesting relevant jury instructions. Moreover, counsel’s ultimate decision not to
 
 *715
 
 call defendant to the stand — albeit following representations to the contrary made in opening remarks — does not constitute an objectively incompetent performance. Thus, defendant was provided with meaningful representation.
 

 In light of our conclusion, we have no occasion to consider whether we should adopt
 
 Strickland
 
 or otherwise abandon our discrete approach which predates the Supreme Court’s formulation of the Federal standard.
 

 The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.