■ The People of the State of New York, Respondent, v Anthony Smith, Appellant. [697 NYS2d 5] —Judgment, Supreme Court, New York County (Charles Tejada, J., at suppression hearing; Michael Corriero, J., at jury trial and sentence), rendered October 2, 1995, convicting defendant of two counts of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 8 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We find that there was ample evidence from which defendant's guilt could be reasonably inferred. The Czech currency recovered from defendant's companion was properly admitted as probative of defendant's guilt of burglarizing the hotel room in question. Whether the recovered currency actually was the cash stolen from the room, which was occupied by Czech tourists, went to the weight to be accorded that evidence, not its admissibility (*see, People v Mirenda*, 23 NY2d 439, 453-454). Furthermore, under the circumstances of the case, the Czech money provided strong circumstantial evidence of guilt and the jury was entitled to reject the possibility of coincidence.

The hearing court properly denied defendant's motion to suppress physical evidence. The unfolding chain of events justified all of the actions of the police and provided probable cause for defendant's arrest. The codefendant's conduct was highly relevant to the quantum of suspicion against defendant, since they acted together in the hotel.

Since defendant's claim of ineffective assistance of counsel involves matters of trial strategy, it would require a CPL 440.10 motion in which an amplified record would be available. Upon our review of the existing record, we conclude that defendant received meaningful representation (*see, People v Benevento,* 91 NY2d 708, 713-714). Specifically, we note that counsel's frankness with the jury concerning negative information about her client was a plausible strategy.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.