■ The People of the State of New York, Respondent, v Angel Medina, Appellant. [730 NYS2d 710] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered April 24, 1998, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years and 15 years, respectively, unanimously modified, as a

matter of discretion in the interest of justice, to the extent of reducing the sentence on the first-degree burglary conviction to a term of 20 years, and otherwise affirmed. Order, same court (John Byrne, J.), entered on or about September 28, 2000, denying defendant's motion made pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Defendant claims that rather than going to trial he would have pleaded guilty had he been offered a sentence of eight years, and that he was denied effective assistance because his counsel was under the mistaken impression (shared by the court and prosecutor) that the minimum sentence available to a second felony offender for first-degree burglary was 10 years when in fact it was eight years. However, defendant has not established that he was adversely affected by his counsel's mistake. There is no basis for defendant's assumption that he would have been permitted to plead guilty in exchange for a sentence of eight years had the parties known that this was the minimum permissible sentence.

We find the sentence excessive to the extent indicated. Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.