■ The People of the State of New York, Respondent, v Johnny Villar, Appellant. [740 NYS2d 203] —Judgment, Su-

preme Court, New York County (Ronald Zweibel, J.), rendered November 9, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first, second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life, six years to life, and 4½ to 9 years, respectively, unanimously affirmed.

Defendant's ineffective assistance of counsel claim involves matters of strategy and, in particular, defendant's personal participation in certain strategic decisions, which cannot be reviewed on the existing record. On the record before us, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). The record fails to support defendant's claim that he was prejudiced by his trial counsel's belated realization that defendant's voice could be heard on a audiotape containing negotiations for the purchase of drugs by an undercover officer; we note that this tape was only a small portion of the People's overwhelming proof. Furthermore, with respect to the argument that defense counsel permitted defendant to testify to facts that substantially conceded his guilt, we conclude that defendant's testimony represented a reasonable, although unsuccessful, attempt to minimize his general involvement with the cooperating accomplice-witness and to distance himself from the charged sales. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.