■ The People of the State of New York, Respondent, v George Martinez, Appellant. [930 NYS2d 198]—

Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). We reach this conclusion with respect to both counsel's advice to defendant and counsel's conduct of the trial.

The record supports the hearing court's findings that trial counsel understood his client could be convicted of burglary under an accessorial liability theory even though the indictment did not charge acting in concert, that counsel advised his client accordingly, and that counsel gave proper advice in connection with a plea offer of 5½ to 11 years, which defendant rejected.

There is no basis for disturbing the hearing court's credibility determinations. In particular, where counsel testified about his standard practices, that testimony was more plausible, under the circumstances, than defendant's testimony.

There is no merit to defendant's argument that evidence of confidential communications between himself and a prior attorney was introduced at the hearing in violation of the attorney-client privilege. In any event, the evidence at issue was not crucial to the hearing court's determination.

The trial record, taken together with the submissions and testimony received in connection with the CPL 440.10 motion, establishes that counsel provided effective assistance at trial.

Faced with overwhelming evidence of defendant's guilt, counsel employed a jury nullification strategy (*see Anderson v Calderon*, 232 F3d 1053, 1087, 1089 [9th Cir 2000], *cert denied* 534 US 1036 [2001]), seeking to persuade the jury to disregard the law of accessorial liability. This strategy was objectively reasonable under the circumstances (*see e.g. People v Steel*, 207 AD2d 744 [1994], *lv denied* 84 NY2d 1039 [1995]). Those circumstances included, among other things, the fact that defendant had insisted on giving incriminating testimony before the grand jury. In any event, we find that defendant was not prejudiced by counsel's conduct.

We have considered and rejected defendant's remaining claims. Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.