THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERTO ZAYAS, Appellant. [933 NYS2d 263]—

Defendant received effective assistance of counsel under the

state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The undisputed facts, established by eyewitness testimony and a surveillance tape, were that defendant entered a coffee shop, jumped over a counter into a nonpublic area, tried unsuccessfully to open a cash register, and was promptly arrested.

Defendant faults his trial counsel for not arguing to the jury that the People failed to prove defendant formed his larcenous intent at the time he entered the store. However, there was no such requirement in this case.

Defendant was guilty of burglary because, with intent to steal, he knowingly and unlawfully entered the nonpublic area of a public building (*see* Penal Law § 140.00 [5]; § 140.20; *People v Quinones*, 18 AD3d 330 [2005], *lv denied* 5 NY3d 809 [2005]). The element of "intent to commit a crime therein" is assessed at the moment of unlawful entry into the particular area. Where a crime requires a particular intent, that intent need only exist at the moment of the prohibited conduct (*People v Muhammad*, 17 NY3d 532, 543 [2011]). Here, the entry into the building only became unlawful at the moment when defendant crossed from the public area to the nonpublic area. Therefore, only his intent at the time he entered the nonpublic area was relevant.

Accordingly, it was objectively reasonable (*see Strickland*, 466 US at 688) for counsel to forgo any challenge to the proof that defendant entered the store itself with larcenous intent. In any event, we also conclude that such a strategy had no reasonable probability of affecting the outcome (*id*. at 694). There was ample evidence to support the inference that defendant formed the intent to steal before he entered the store (*see e.g. People v Zokari*, 68 AD3d 578 [2009], *lv denied* 15 NY3d 758 [2010]).

In addition, the strategy that counsel did pursue was objectively reasonable under the circumstances of the case. Faced with virtually conclusive evidence of defendant's guilt, counsel reasonably employed a jury nullification strategy (*see Anderson v Calderon*, 232 F3d 1053, 1087, 1089 [9th Cir 2000], *cert denied* 534 US 1036 [2001]). Counsel sought to persuade the jury that defendant's conduct was so removed from the conventional notion of a burglary that it would be unfair to treat it as such.

Defendant failed to preserve, and affirmatively waived, his claim that the court should have made an individual inquiry of a juror who might have overheard remarks critical of defense counsel, and we decline to review it in the interest of justice.

The court offered to conduct an individual inquiry, but suggested an alternative approach where it would initially question the jurors as a group. Defense counsel expressly agreed to the latter proposal, and made no further requests or objections after none of the jurors indicated that they had been exposed to information that might affect their ability to be impartial.

We perceive no basis for reducing the sentence. Concur—Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román, JJ.