THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [935 NYS2d 885]—

The sentencing court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes that defendant's plea was knowing, intelligent, and voluntary. The fact that defendant's attorney advised against taking the plea does not warrant a different conclusion. The attorney was concerned that defendant would fail to comply with the plea conditions and would thus face an enhanced sentence, a prediction that proved accurate. However, during the plea allocution the court carefully warned defendant of the risks involved in the plea agreement and the enhanced sentence defendant would receive if he failed to meed the conditions. We have considered and rejected defendant's remaining challenges to the plea.

To the extent the existing record permits review, it establishes that defendant received effective assistance of counsel under the state and federal standards in connection with his plea, as well as at the plea withdrawal motion and sentencing (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *Strickland v Washington*, 466 US 668 [1984]). Defendant faults his counsel for, among other things, failing to support defendant's plea withdrawal motion and failing to advocate for a lesser enhanced sentence than the one called for by the plea agreement. However, we find that each of the actions that defendant now claims his attorney should have taken would have been futile. Accordingly, counsel's failure to take these actions was an objectively reasonable strategy, and,

in any event, the alleged omissions did not cause defendant any prejudice.

Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim. In any event, regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.