Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered May 22, 2009, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of six months, concurrent with five years’ probation, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant is entitled to a new trial because he received ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US *441 668 [1984]). Counsel’s performance, in this case in which defendant was convicted of assaulting a police officer with his motor vehicle, was objectively deficient in several respects. These deficiencies, viewed cumulatively, deprived defendant of a fair trial and tend to undermine confidence in the outcome. We conclude that defendant’s claims are reviewable on the basis of the trial record, and that he has made the necessary showing of prejudice.
Most prominently, in a case that depended heavily on the credibility of the complainant, counsel failed to object to hearsay testimony indicating that several unnamed out-of-court declarants supported the complainant’s version of the incident. These bystander statements were not admissible under any theory, and we reject the People’s arguments to the contrary. These declarations did not qualify as excited utterances, and, under the circumstances of the case, they were not admissible as background information to complete the narrative and explain police actions. At a prior trial, at which defendant was represented by different counsel, and which ended in a hung jury, the content of these declarations was not placed in evidence.
We are unable to discern any strategic basis for counsel’s failure to object to this highly prejudicial hearsay evidence. Any benefit that defendant may have gained when his counsel attempted to suggest that a police witness fabricated the existence of the bystander declarations was clearly outweighed by the prejudicial effect of having the jury hear the declarations in the first place. Defendant had nothing to lose, and much to gain, by keeping the declarations completely out of the case. Furthermore, the trial record reveals that counsel was unaware, and apparently surprised, that the content of these declarations was not in evidence at the first trial. This tends to suggest that counsel’s failure to object had nothing to do with strategy.
We find this to be one of the rare cases where the unexpanded trial record establishes both the unreasonableness of an attorney’s failure to make objections and the prejudicial effect of that failure upon a defendant’s right to a fair trial (see People v Fisher, 18 NY3d 964 [2012]; compare People v Cass, 18 NY3d 553, 564 [2012]).
Counsel’s failure to subpoena the police officer’s medical records or to call the medical expert who testified at the first trial to testify that the officer’s records did not corroborate her allegation that she sustained a physical injury as a result of the incident constitutes an additional deficiency in counsel’s performance. Finally, defense counsel’s failure to impeach the complaining witness’ testimony with her prior inconsistent *442 statement before the Civilian Complaint Review Board concerning whether she was knocked down is not explainable as a reasonable defense tactic. We note that the complainant denied making the statement before the Review Board, and we note that at defendants’ first trial, prior counsel took proper steps to establish the inconsistency.
The People’s case was not overwhelming, and defendant’s claim of prejudice is further supported by the fact that there was a hung jury in defendant’s prior trial at which the offending evidence was absent and defendant’s medical evidence and evidence concerning the prior inconsistent statement was introduced. Concur — Acosta, J.P, Renwick, Moskowitz, Freedman and Feinman, JJ.