■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID BRYANT, Respondent. [988 NYS2d 175]—Order, Supreme Court, Bronx County (Seth L. Marvin, J.), entered April 11, 2013, which granted defendant's CPL 440.10 motion to vacate a judgment of conviction, unanimously modified, on the law, that portion of the motion seeking vacatur on ineffective assistance of counsel grounds denied, and the matter remanded to determine the remaining branch of defendant's motion.

Defendant was convicted in 1976 of the rape and murder of an eight-year-old girl. Although there was a lack of physical evidence connecting defendant to the crime, his guilt was established on the basis of his voluntary statements to the police, the testimony of several witnesses placing him near the scene of the crime, and evidence indicating consciousness of guilt (*see People v Bryant*, 71 AD2d 564 [1st Dept 1979], *affd* 50 NY2d 949 [1980], *cert denied* 449 US 958 [1980]).

We find that defendant received effective assistance of counsel under state and federal constitutional standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Since defendant's 80-year-old trial counsel testified at the CPL 440.10 hearing that he had no memory of representing defendant at his trial in 1976, his inability to recall his reasons for not consulting a serologist or having defendant's blood type tested did not establish that such actions were not rooted in strategic considerations. A review of the trial record demonstrates that counsel's decision not to consult a serologist in order to more effectively cross-examine the People's serology expert did not deprive defendant of a fair trial since the serology expert could not connect any of the physical evidence to defendant, and counsel relied upon such testimony in arguing defendant's innocence.

We remand for consideration of that branch of defendant's motion which sought to vacate his conviction on the ground of actual innocence, since the motion court granted defendant's motion solely on the basis of its finding of ineffective assistance of counsel. Concur—Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.