# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**409**

**KA 13-01925**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NHAM HO, DEFENDANT-APPELLANT.

---

MARK M. BAKER, NEW YORK CITY, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (MATTHEW P. WORTH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (John T. Buckley, J.), rendered March 1, 1993. The judgment convicted defendant, upon a jury verdict, of attempted bribing a witness (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of attempted bribing a witness (Penal Law §§ 110.00, 215.00 [a]) with respect to two victims of a robbery at a house party hosted by one of the two victims. Six men were charged in the robbery after those two victims (hereafter, witnesses) identified the robbers in a showup identification procedure. Defendant knew the robbers, met with them as they planned the robbery, provided them with a diagram of the residence of the host witness, and told them to use the back door when entering the residence to commit the robbery. Following the arrest of the robbers, defendant assured one of the robbers during a jail visit that he would "pay off" the two witnesses so that they would not testify against that robber.

Defendant contends that the evidence is legally insufficient because the People failed to prove a "benefit" as defined in Penal Law § 10.00 (17) (*see* § 215.00) inasmuch as he offered to return only that amount of money that had been taken from the two witnesses, and thus he was offering mere restitution. We reject that contention (*cf*. *People v Kathan*, 136 App Div 303, 309-310). Even if defendant had offered to return only the amount of money that had been stolen, we note that the restoration of that amount would still constitute a benefit to the witnesses (*see People v Feerick*, 93 NY2d 433, 448-449). In any event, the record establishes that defendant offered one of the witnesses significantly more money than had been stolen from him.

We conclude that defendant's contentions concerning ineffective assistance of counsel lack merit.  Defendant has not demonstrated " 'the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712).  We conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's remaining contentions are not preserved for our review, and we decline to exercise our power to address them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court