■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMBERLY HANZLIK, Appellant. [8 NYS3d 271]—

Order, Supreme Court, Bronx County (Troy K. Webber, J.), entered on or about February 20, 2014, which denied defendant's CPL 440.10 motion to vacate her judgment of conviction, unanimously affirmed.

The court properly denied defendant's motion to vacate her conviction on the ground of ineffective assistance of counsel. Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

At trial, defense counsel impeached the principal prosecution witness by showing that within a few months of this 1999 homicide, the witness made several statements that completely exculpated both defendant and her codefendant. The defense established that it was not until 2007, after a motive to falsify had arisen, that the witness inculpated the two defendants. However, in her CPL article 440 motion, defendant faulted trial counsel for failing to use another statement, which was also made by the witness in 1999, and which exculpated defendant but inculpated the codefendant.

Trial counsel's lack of recollection makes it impossible to determine whether he failed to notice this statement, which was undisputedly disclosed as *Rosario* material, or consciously chose not to use it as a matter of strategy. Defendant asserts that trial counsel was ineffective in either event.

It was objectively reasonable to impeach the witness by means of the statements that exculpated both defendants but not by means of the statement that treated them differently. The statement at issue essentially cut both ways. While it might well have been reasonable to use this statement, it would also be reasonable to avoid revealing to the jury that in 1999 the witness made a statement that was at least partly consistent with his trial testimony, and that was arguably made

before the motive to falsify arose or fully ripened. In other words, it was not unreasonable to adopt a strategy that sharply contrasted the witness's 1999 exculpation of both defendants and his radically different trial testimony.

In any event, defendant has not satisfied the prejudice prongs of either a state or federal ineffectiveness claim. Defendant has not shown that counsel's failure to use the statement at issue deprived defendant of a fair trial, or that there is a "probability sufficient to undermine confidence in the outcome" (*Strickland*, 466 US at 694) that use of the statement would have led to a more favorable verdict. Under the circumstances, the jury would likely have perceived the statement as merely another inconsistent statement made by the witness long before he entered into a deal with the prosecutors. As the trial actually unfolded, the jury chose to credit the witness's testimony, and discredit the contradictory earlier narrative. It is not likely that introduction of a half-consistent, half-inconsistent statement would have altered the jury's analysis. Moreover, as previously discussed, use of the additional statement could have been counterproductive. Finally, as we noted on defendant's direct appeal (95 AD3d 601 [1st Dept 2012], *lv denied* 19 NY3d 997 [2012]), the testimony of this witness was corroborated by an eyewitness who placed defendant at the scene. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.