■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE PEREZ, Appellant. [37 NYS3d 549]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered August 5, 2008, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant did not preserve his claim that the court should have discharged a sequestered deliberating juror or made a further inquiry into whether she could be fair and impartial after her request to attend a family event during deliberations had been denied, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record, including the court's inquiry of the juror, supports the conclusion that the juror did not possess a state of mind that would have prevented her from rendering an impartial verdict (*see generally People v Mejias*, 21 NY3d 73, 79 [2013]).

Defendant did not preserve his claim that certain testimony violated his right of confrontation, and we decline to review it in the interest of justice. As an alternative holding, we conclude that the testimony did not violate defendant's constitutional rights. Furthermore, this testimony was generally helpful to defendant, and defense counsel pursued a reasonable, nonprejudicial strategy by consenting to its admission, with agreed-upon redactions, and exploiting it in summation. Accordingly, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]), and we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

Finally, defendant did not preserve his claim that a mistrial was required after a cooperating witness who also participated in the crime testified on redirect that he believed there was a contract on his life, but that he was willing to testify because he would be serving his sentence in federal prison were he would not be around the defendants. As an alternative holding, no mistrial was warranted because the offending testimony was stricken, clarifying testimony was elicited that the threats on the witness's life were not directly or indirectly related to defendant and curative instructions were offered. Concur— Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.