People v Suazo (2016 NY Slip Op 07116)





People v Suazo


2016 NY Slip Op 07116


Decided on November 1, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2016

Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels, Webber, JJ.


910/12

[*1]The People of the State of New York, Respondent,
v
Luis A. Suazo, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patrick J. Hynes of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered April 30, 2013, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him to a term of 12½ years, unanimously affirmed.
Although defendant asserts that the court improperly denied his motion to withdraw his plea, the record demonstrates that defendant never actually made such a motion, and that he abandoned his initial effort to do so. Although defendant indicated after the plea that he wanted a new lawyer, wanted to withdraw his plea and had "papers," his request for new counsel was granted and at the next adjourned date, no mention was made of the motion or of the unfiled papers, notwithstanding that defendant proclaimed his innocence when asked if he had anything to say before sentence was imposed. In any event, to the extent defendant could be viewed as having made a plea withdrawal motion, his claim of innocence was conclusory and contradicted by his plea allocution (see People v Moore, 132 AD3d 496 [1st Dept 2015], lv denied 27 NY3d 1003 [2016]).
Defendant's ineffective assistance of counsel claim regarding the new attorney who represented him at sentencing involves matters not reflected in, or fully explained by, the record, which would require a CPL 440.10 motion. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2016
CLERK