People v Smith (2018 NY Slip Op 01576)





People v Smith


2018 NY Slip Op 01576


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


4277/11 5966 5965

[*1]The People of the State of New York, Respondent,
v
Gregory Smith, Defendant-Appellant.


Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jeffrey A. Wojcik of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered January 28, 2014, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, and order (same court and Justice), entered on or about February 28, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The record, as expanded by way of the CPL 440.10 motion, establishes that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Under the circumstances of this case, it was objectively reasonable for trial counsel to concede that defendant was present during the robbery, and instead assert the defense that defendant did not act in concert with the separately tried codefendant (see People v Lemma, 273 AD2d 180, 181 [1st Dept 2000] lv denied 95 NY2d 906 [2001]).
As trial counsel explained in connection with the 440.10 motion, he evaluated the evidence, including a surveillance videotape, and reached the conclusion that the best defense was that defendant was not accessorially liable for the robbery, notwithstanding his presence at the scene. Furthermore, he selected this defense in consultation with defendant (see People v Clark, 28 NY3d 556, 562-563 [2016]), who had always insisted that he was present but did not assist the codefendant.
Given this choice of defenses, evidence tending to establish the uncontested element of identity was not damaging. Accordingly, defendant was not prejudiced by any of counsel's alleged deficiencies in his handling of suppression issues. Furthermore, given the circumstantial evidence, defendant has not shown that even if counsel had prevented the introduction of certain identification and physical evidence, he could have obtained a dismissal or acquittal based on lack of evidence of identity.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK