People v Tammaro (2018 NY Slip Op 03328)





People v Tammaro


2018 NY Slip Op 03328


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6490 1319/13

[*1]The People of the State of New York, Respondent,
v
Michael Tammaro, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered May 8, 2015, convicting defendant, after a jury trial, of forgery in the in the second degree (three counts), criminal possession of a forged instrument in the second degree (three counts), identity theft in the first degree and grand larceny in the fourth degree, and sentencing him to an aggregate term of 2&frac13; to 7 years, unanimously affirmed.
The court providently exercised its discretion in denying defense counsel's application to replace as grossly unqualified a sworn juror whose conduct and statements initially raised questions about his ability to deliberate fairly in light of pressures related to his work and his willingness to join other jurors in deliberation. The juror's responses to the court's thorough inquiry provided unequivocal and credible assurances that he did not possess a state of mind that would prevent him from deliberating fairly and rendering an impartial verdict (see People v Buford , 69 NY2d 290, 299 [1987]). After the inquiry, his ability to serve impartially was no longer questionable.
Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. To the extent the existing record permits review of defendant's argument that his attorney was ineffective for failing to make appropriate objections to the summation, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). The challenged remarks generally constituted fair comment on the evidence and reasonable inferences to be drawn therefrom (see People v Overlee , 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro , 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The prosecutor was entitled to argue, among other things, that the defense theory of [*2]the case was implausible, and any rhetorical excesses were harmless in light of the overwhelming evidence of guilt (see People v Crimmins , 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK