People v Sanchez (2019 NY Slip Op 06805)





People v Sanchez


2019 NY Slip Op 06805


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-12295
 (Ind. No. 5957/16)

[*1]The People of the State of New York, respondent,
v
Luis Sanchez, appellant.


Paul Skip Laisure, New York, NY (Samuel R. Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered October 27, 2017, convicting him of assault in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review two orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including October 26, 2031, are vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection; and it is further,
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of assault in the second degree and assault in the third degree. On appeal, the defendant contends, inter alia, that the sentence imposed was excessive and that two orders of protection, issued at the time of sentencing, should be vacated.
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As the People correctly concede, the duration of the orders of protection issued at the time of sentencing exceeded the maximum time limit set forth in CPL 530.12(5). Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including October 26, 2031, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection (see People v Gooding, 174 AD3d 642; People v Ramos, 164 AD3d 922, 923-924).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The defendant's remaining contentions are unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction.
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court