People v Mejia (2019 NY Slip Op 07481)





People v Mejia


2019 NY Slip Op 07481


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


4474/11 10093A 10093

[*1] The People of the State of New York, Respondent,
v
Dionis Mejia, Defendant-Appellant.


Myers & Galiardo LLP, New York (Matthew D. Myers of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nicole Coviello of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J. at initial suppression hearing; Bonnie G. Wittner, J. at independent source hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered May 6, 2016, convicting defendant of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 17 years, and order, same court (Daniel P. FitzGerald, J.), entered on or about December 7, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There is no basis for disturbing the jury's determinations concerning identification and credibility.
The record supports the court's determination that, notwithstanding an unduly suggestive lineup, the witnesses had an independent source for their in-court identifications of defendant (see Neil v Biggers , 409 US 188, 199—200 [1972]; People v Williams , 222 AD2d 149, 153 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]). Among other things, each of the witnesses at issue had an ample opportunity to observe defendant at the time of the crime, and each witness made a detailed, accurate description.
Defendant's remaining contentions regarding the admissibility of evidence, the prosecutor's summation and the court's charge are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
The court properly denied defendant's motion to vacate the judgment, made on the ground of ineffective assistance of counsel. The court conducted a thorough evidentiary hearing, including the testimony of trial counsel and several witnesses whom defendant claims should have been called at trial. There is no basis for disturbing the court's credibility determinations. We conclude that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713—714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that counsel's choices regarding calling or interviewing [*2]potential witnesses fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK