Matter of Leilia O.W. (Khalifah A.K.) (2020 NY Slip Op 03476)





Matter of Leilia O.W. (Khalifah A.K.)


2020 NY Slip Op 03476


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11681 -10309/17 -10310/17

[*1] In re Leilia O.W., and Another, Dependent Children Under Eighteen Years of Age, etc., Khalifah A.K., Respondent-Appellant, Jeffrey A.W., Respondent, Administration of Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Steven P. Forbes, Jamaica, attorney for the children.



Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about April 3, 2019, which, after a hearing, found that respondent abused the subject children, unanimously affirmed, without costs.
Based on the existing record, respondent's claim of ineffective assistance of counsel is unavailing, as the record shows that respondent was afforded meaningful representation throughout the proceedings (see People v Benevento, 91 NY2d 708, 712—713 [1998]). Respondent failed to show that he was deprived of meaningful representation by counsel's failure to argue that he was not a person legally responsible for the children in a written summation, and that he suffered actual prejudice as a result (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543 [1st Dept 2014]).
In any event, the record amply supports the court's determination that, at the relevant times, respondent was a person legally responsible for the children. He resided in the home with the children, who were his nieces, for several months, cared for the children and assumed other household and parental duties (see Matter of Trenasia J. [Frank J.], 25 NY3d 1001 [2015]; Matter of Yolanda D., 88 NY2d 790 [1996]).
The determination that respondent abused the children is supported by a preponderance of the evidence (see Family Ct Act §§ 1046[b][i]; 1012[e][iii][A]). Contrary to respondent's argument, the court properly found that the children's out-of-court statements were sufficiently corroborated by the reports
and by the cross-corroboration of one of the children (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK