People v Matias (2022 NY Slip Op 03332)

People v Matias

2022 NY Slip Op 03332

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 

Ind. No. 1832/92 Appeal No.15963 Case No. 2020-03839 

[*1]The People of the State of New York, Respondent,
v
Jose Matias, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (John T. Komondorea of counsel), for respondent.

Order, Supreme Court, Bronx County (Steven L. Barrett, J.), entered August 21, 2020, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
Defendant's discretionary sentence of 50 years to life, imposed for a double murder he committed at the age of 16, was not unconstitutional. The motion court (68 Misc 3d 352 [Sup Ct, Bronx County 2020]), in a thorough decision, properly declined to set aside the sentence or grant any other relief.
Defendant was 16 years old when he fired multiple shots at the unarmed victims, two brothers aged 17 and 21, killing them. The court imposed the maximum sentence of 25 years to life on each murder count, to run consecutively. Defendant moved to vacate his sentence, arguing that this was a de facto sentence of life without parole, and therefore required a new sentencing hearing for the court to consider his "youth and its attendant characteristics" (Miller v Alabama, 567 US 460, 467 [2012]).
In the first place, Miller does not apply to New York's discretionary statutory scheme. "In a case involving an individual who was under 18 when he or she committed a homicide, a State's discretionary sentencing system is both constitutionally necessary and constitutionally sufficient" (Jones v Mississippi, __US__, 141 S Ct 1307, 1313 [2021]). Defendant was sentenced under a statute that gave the court discretion to sentence him to a minimum term of between 15 and 25 years, and to impose concurrent or consecutive sentences. Unlike the situation where life without parole is mandatory, the sentencing court was not precluded from considering defendant's age and the attendant circumstances. Likewise, this Court, which declined to reduce defendant's sentence (235 AD2d 298 [1st Dept 1997], lv denied 89 NY2d 1038 [1997]) also had the opportunity to consider these factors.
Furthermore, defendant was not sentenced to life imprisonment with no actual or practical eligibility for parole. But for his conviction of a new crime while incarcerated, defendant's first parole hearing would have been at age 66.
In any event, in imposing sentence in 1994, the court gave an individualized sentence that considered defendant's particular circumstances. The court was aware of defendant's age, and counsel requested a lower sentence in part because of defendant's youth.
Finally, the motion court, which was also the sentencing court, concluded that even upon taking judicial notice of recent developments in juvenile psychology and considering the mitigating factors presented by defendant, it would still impose the same sentence. The court found that these mitigating factors were outweighed by such factors as the egregiousness of the crime, the absence of any evidence of remorse or rehabilitation, and defendant's extensive prison disciplinary history, which evinced permanent incorrigibility.
We have considered and rejected defendant's remaining claims under the Eighth Amendment.
Defendant received effective [*2]assistance at sentencing under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Counsel's argument for a more lenient sentence, which cited defendant's youth and other mitigating factors, was objectively reasonable. In any event, there is no reasonable possibility that a different presentation by counsel would have resulted in a more favorable sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022