People v Robinson (2022 NY Slip Op 05767)

People v Robinson

2022 NY Slip Op 05767

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Ind. No. 5817/13, 2829/15 Appeal No. 16439 Case No. 2020-01258 

[*1]The People of the State of New York, Respondent,
v
Ramel Robinson, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.

Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about September 27, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment rendered April 8, 2016, unanimously affirmed.
The record, as expanded by way of the CPL 440.10 motion, establishes that defendant received effective assistance of counsel under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]).
Defendant claims his counsel was ineffective for failing to request submission of second-degree unlawful imprisonment as a lesser included offense of second-degree kidnapping. On defendant's direct appeal (168 AD3d 605, 606 [1st Dept 2019], lv denied 33 NY3d 953 [2019]), we determined, in an alternative holding based on the trial evidence, that there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater offense. After revisiting this issue on this CPL 440.10 appeal, we conclude that trial counsel cannot be faulted for failing to request that instruction (see People v Caban, 5 NY3d 143, 152 [2005]).
Defendant also argues that his counsel was ineffective with regard to his opening statement, his unsuccessful requests for other jury instructions, and related matters. Defendant has not shown that any of these alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Counsel was faced with overwhelming evidence of defendant's guilt of kidnapping, and generally undisputed facts as reflected in defendant's own testimony. "Counsel may not be expected to create a defense when it does not exist" (People v DeFreitas, 213 AD2d 96, 101 [2d Dept 1995], lv denied 86 NY2d 872 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022