People v Salas (2023 NY Slip Op 05328)

People v Salas

2023 NY Slip Op 05328

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 3471/07 Appeal No. 832-833 Case No. 2016-00862 2022-02977 

[*1]The People of the State of New York, Respondent,
v
Christopher Salas, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), and Milbank LLP, New York (Benjamin Samuel Brindis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered June 13, 2011, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 19 years to life, and otherwise affirmed. Order, same court (Marsha D. Michael, J.), entered on or about January 21, 2022, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion without granting a hearing (see People v Delorbe, 35 NY3d 112, 121 [2020]). The record supports the motion court's findings in which it rejected defendant's claim of ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Under the circumstances, counsel's failure to pursue a Wade/Rodriguez hearing did not demonstrate his ineffectiveness, and his emphasis on impeaching the witnesses' testimony was a plausible strategy. Nor was the court's denial of so much of defendant's motion for a reconstruction hearing an improvident exercise of discretion. The court allowed defendant the opportunity to renew his motion once he had undertaken further steps to obtain any information about the court's treatment of jury note two. There is no indication that has been done.
Given defendant's age at the time of the offense and his lack of any criminal record, we find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023