People v Fernandez (2025 NY Slip Op 01585)

People v Fernandez

2025 NY Slip Op 01585

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Ind. No. 927/07|Appeal No. 3908-3908A|Case No. 2010-02524|

[*1]The People of the State of New York, Respondent,
v
Andre Fernandez, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Benjamin S. Spiegel of counsel), and Cravath, Swaine & Moore LLP, New York (John D. Buretta of counsel) for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Richard Lee Price, J., at suppression hearing; Dominic Massaro, J., at trial and sentencing), rendered July 15, 2010, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive prison terms of 25 years to life, and order, same court (John Carter, J.), entered on or about December 21, 2021, which denied his CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that they were prejudicial under either of those standards. Further, counsel would not have prevailed had he investigated or made the additional suppression arguments that defendant faults counsel for failing to make (see People v Stulz, 2 NY3d 277, 287 [2004]). Although defendant used drugs and had psychiatric problems, those issues were not likely to undermine a finding of voluntariness here, where the videotaped statement itself provided the most direct evidence of defendant's voluntary waiver of his Miranda rights (see People v Munoz, 134 AD2d 532, 533 [2d Dept 1987], lv denied 70 NY2d 958 [1988]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025