People v Anonymous (2026 NY Slip Op 00980)

People v Anonymous

2026 NY Slip Op 00980

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Ind No. 3127/15|Appeal No. 5865 5865A|Case No. 2018-01757, 2021-01639|

[*1]The People of the State of New York, Respondent,
vAnonymous, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline Williamson of counsel), for respondent.

Order, Supreme Court, New York County (Juan Merchan, J.), entered on or about February 16, 2021, which, to the extent it denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously reversed, on the law, the judgment of conviction vacated, and the matter remanded for further proceedings. Appeal from that part of the aforesaid order as denied defendant's motion pursuant to CPL 440.20 to set aside his sentence, and from the judgment, same court and Justice, rendered September 13, 2017, convicting defendant, after a nonjury trial, of three counts of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 16 years to life, unanimously dismissed as academic.
Supreme Court erred in finding that defendant failed to satisfy his burden of establishing that he received ineffective assistance of counsel when his counsel absented himself from a proffer session midway through the session. Absent an express waiver from defendant, counsel had an obligation to be present during the session and to "be alert to, and to avert if he could, the possibility that defendant's cooperation would hurt rather than help him" (People v Johnson, 24 NY3d 639, 645 [2014]). Under the circumstances, where counsel advanced no sound strategic reason behind his decision to leave the proffer session, his absence deprived defendant of meaningful representation at a critical stage in the proceeding (see id.; People v Benevento, 91 NY2d 708, 711-712 [1998]). Defendant was prejudiced by counsel's absence, because a statement defendant made during the proffer session implicating himself in the burglaries for which he was ultimately tried and convicted for, was successfully used by the prosecution to impeach defendant's credibility at the trial (see People v Caban, 5 NY3d 143, 155-156 [2005]).
In view of the foregoing, we need not reach defendant's remaining contentions. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026