■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DIAZ, Appellant. [57 NYS3d 136]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered December 10, 2014, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 25 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The evidence establishing that defendant fatally shot a bystander during a gunfight included reliable identifications by two eyewitnesses, evidence of motive, and a surveillance videotape that, while not depicting the shooting, tended to corroborate the People's theory of the case. Although a third witness testified that the assailant was actually another man involved in the incident, the jury could have reasonably rejected her testimony.

The crime scene evidence that defendant claims was admit-

ted in violation of his right of confrontation was not testimonial, since it "[did] not link the commission of the crime to a particular person" (*People v John*, 27 NY3d 294, 315 [2016]; *see also People v Freycinet*, 11 NY3d 38, 42 [2008]; *People v Acevedo*, 112 AD3d 454, 455 [1st Dept 2013], *lv denied* 23 NY3d 1017 [2014]). In any event, any error in admitting the crime scene report and diagrams prepared by a nontestifying officer was harmless under the standard for constitutional error (*see People v Crimmins*, 36 NY2d 230 [1975]), because evidence showing the locations where the officer found cartridge cases and other ballistic evidence shed little or no light on any of the disputed issues at trial, and there is no reasonable possibility that this evidence affected the verdict.

The court providently exercised its discretion in permitting a detective to give brief, limited testimony that he interviewed an alternative suspect in the shooting, and another witness, and that, based on the investigation, the alternative suspect was not arrested. This testimony completed the narrative and provided the jury with relevant background information regarding the police investigation (*see People v Tosca*, 98 NY2d 660 [2002]). The detective did not reveal the content of these interviews, or convey any express or implied opinion that defendant was guilty. Furthermore, both the alternative suspect and the other witness testified at trial.

We find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's single error, in accidentally permitting some inadmissible evidence to enter the case, deprived him of a fair trial or affected the outcome of the case.

By completely waiving all cross-examination of a witness who had asserted his Fifth Amendment privilege regarding some of the prosecutor's questions on direct examination, defendant waived, or failed to preserve, his claim that his right to cross-examine this witness was unconstitutionally limited by the witness's assertion of the privilege or by the court's prospective ruling on the permissible scope of cross-examination. We decline to review defendant's claim in the interest of justice. As an alternative holding, we also reject it on the merits. Since there was not even an attempt at cross-examination, it is impossible to determine whether the witness's anticipated assertion of his right against self-incrimination would have undermined the process to such a degree that meaningful cross-examination within the intent of the Confrontation Clause no

longer existed (*see United States v Owens*, 484 US 554, 562 [1988]), and, if so, what remedy was necessary (*see People v Vargas*, 88 NY2d 363, 380 [1996]). Defendant has also not established that he was prejudiced by the witness's invocation of the privilege on direct examination. In any event, the testimony of this witness was nonincriminating and cumulative, and there was no reasonable possibility that it contributed to the conviction.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.