People v Nolan (2018 NY Slip Op 01442)





People v Nolan


2018 NY Slip Op 01442


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5908 & 3905/14 -167

[*1] The People of the State of New York, Respondent,
v
Jacob Nolan, Defendant-Appellant.


Law Office of Stephen N. Preziosi, P.C., New York (Stephen N. Preziosi of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered July 27, 2016, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first degree (two counts) and attempted assault in the first and second degrees, and sentencing him to an aggregate term of 9½ years, unanimously affirmed.
The court properly permitted the People to introduce portions of their psychiatric expert's videotaped interview of defendant. Although defendant did not assert an affirmative psychiatric defense such as insanity, he presented psychiatric evidence in an effort to negate the element of intent. This opened the door to the receipt, for limited purposes, of evidence of the People's expert's examination (see generally People v Segal , 54 NY2d 58 [1981]). To the extent that defendant argues that CPL 60.55 limits the admissibility of this type of evidence to cases involving affirmative psychiatric defenses, that claim is unpreserved, and without merit in any event (see People v Cobo , 245 AD2d 72 [1st Dept 1997], lv denied 91 NY2d 1006 [1998]). The interview did not improperly introduce new facts as evidence, and the People did not misuse the interview in their summation or otherwise. Furthermore, this evidence could not have caused defendant any prejudice, particularly in light of the court's thorough limiting instructions, which the jury is presumed to have followed (see People v Davis , 58 NY2d 1102, 1104 [1983]).
The court providently exercised its discretion in precluding defendant from cross-examining the People's expert about his ability to form a legal conclusion as to whether defendant's cousin was criminally involved in the crimes at issue, in which defendant attacked his cousin's ex-husband. This line of questioning was too remote from the issue of the expert's bias to warrant its admission (see People v Thomas , 46 NY2d 100, 105 [1978], appeal dismissed 444 US 891 [1979]),
Defendant's constitutional arguments relating to the above-discussed issues, and all of his remaining claims of trial error, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We have also considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
We find no basis for enlarging the record to include matters relating to the recently commenced prosecution of defendant's cousin for her alleged role in this crime. These matters are irrelevant to the issues raised on defendant's appeal.
M-167 People v Jacob Nolan 
Motion to enlarge the record and for related relief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK