People v Acosta (2018 NY Slip Op 03934)





People v Acosta


2018 NY Slip Op 03934


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


21/15 -4302/15 -1947/15 518/12 2701/11 6763B 6763A 6763D

[*1] The People of the State of New York, Respondent,
v
Albert Acosta, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Rachel T. Goldberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered January 13, 2016, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, and judgments, same court and Justice, rendered January 13, 2016, as amended March 7 and April 14, 2016, convicting defendant, upon his pleas of guilty of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, conspiracy in the fourth degree and criminal sale of a controlled substance in the third degree, and revoking sentences of probation imposed on two prior convictions, and sentencing him to a concurrent aggregate term of 10 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant discarded the pistol that the police recovered. The evidence, viewed in light of the Penal Law § 265.15(4) presumption, established the unlawful intent requirement of defendant's conviction under Penal Law § 265.03(1)(b).
The prosecutor's summation remark explaining why no forensic testing was conducted on the pistol was not so egregious as to warrant reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's remaining challenges to the summation, and to background evidence provided by police witnesses, are unpreserved (see People v Tevaha, 84 NY2d 879 [1974]), and we decline to review them in the interest of justice. As an alternative holding, we likewise find no basis for reversal. We have considered and rejected defendant's ineffective assistance of [*2]counsel claims relating to the lack of preservation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK