People v Mavour (2018 NY Slip Op 07756)





People v Mavour


2018 NY Slip Op 07756


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-00216
 (Ind. No. 579/12)

[*1]The People of the State of New York, respondent,
v
Kolomo Mavour, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered December 9, 2014, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The charges against the defendant in this case arose from the shooting death of a 25-year-old man on November 21, 2011, at the intersection of Flatlands Avenue and East 83rd Street in Brooklyn. A 911 call described the assailant as an African-American man who was in the company of a man in a grey sweatsuit. Based on surveillance footage, the police identified the man in the grey sweatsuit as Tevon Thomas, and a conversation with Thomas subsequently led to the defendant's arrest.
At the defendant's first trial, which ended in mistrial, Thomas, a friend of the defendant, identified himself, the defendant, and the victim in the surveillance video, but testified that he did not see the actual shooting and provided a description of events suggesting that the defendant may have acted in self-defense.
At the retrial, Thomas, who is also known as "Primo," could not be located, so his testimony from the first trial was read into evidence. In addition, the People presented the testimony of a medical examiner who concluded, among other things, that the victim was shot by a single bullet and that the bullet thereafter continued on a straight line trajectory. Police officers who canvassed the crime scene and surrounding area recovered a bullet across the street from the shooting scene. Surveillance footage showed Thomas standing close to the defendant as the defendant raised his right arm and pointed at the victim as the victim fell to the ground, where the victim remained until he was transported to the hospital. In a recorded jailhouse phone call, the defendant made statements relating to a "situation" when "Primo" was "close by."
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Finger, 95 NY2d 894, 895). In any event, viewing the evidence in the light most favorable [*2]to the People (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the identity of the defendant as the perpetrator. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]).
The defendant's contention that he was deprived of a fair trial by reason of the prosecutor's improper attempt to impeach the credibility of its own witness is unpreserved for appellate review (see People v Hardy, 22 AD3d 679) and, in any event, does not require reversal.
The defendant was not deprived of the effective assistance of counsel. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court