People v Carter (2018 NY Slip Op 08745)





People v Carter


2018 NY Slip Op 08745


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


1000/12 7356 7355

[*1]The People of the State of New York, Respondent,
v
Lataya Carter, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Order, Supreme Court, New York County (Patricia M. Nuñez, J.), entered on or about September 14, 2017, which denied defendant's CPL 440.10 motion to vacate a judgment, same court (Rena K. Uviller, J.), rendered August 12, 2013, convicting defendant, after a jury trial, of assault in the second degree, vehicular assault in the first degree and two counts of
operating a motor vehicle while under the influence of alcohol, and sentencing her to an aggregate prison term of three years, unanimously reversed, on the law and the facts, the motion granted, the judgment vacated, and the matter remanded for a new trial. Appeal from the foregoing judgment, unanimously dismissed, without costs, as academic, in light of this decision.
Based upon our review of the evidence adduced at the CPL 440.10 hearing, we conclude that defendant met her burden of establishing that her trial counsel rendered prejudicially ineffective assistance under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). This case turned on whether defendant was intoxicated at the time of the vehicular accident at issue, and there was a serious issue about the accuracy of the final Intoxilyzer reading, which conflicted with an earlier reading showing no intoxication. Defense counsel failed to take steps to consult with and produce an appropriate expert on breath and blood alcohol analysis to rebut the People's proof (see e.g. People v Oliveras, 21 NY3d 339, 346 [2013]).
At the 440.10 hearing, trial counsel conceded that his only reason for not calling an expert was the inability of his client, who was also unable to pay counsel's fee, to pay for an expert. He also conceded that he took no steps to obtain a court-appointed expert, and was unaware that this remedy might be available. This constituted constitutionally deficient performance (see Hinton v Alabama, 571 US 263, 273-274 [2014]). As for the prejudice prong of an ineffective assistance claim, we find that there is a reasonable probability that calling an expert would have affected the outcome of the trial, and that the absence of expert testimony rendered the proceeding unfair under the facts of the case.
Since we are ordering a new trial, we find it unnecessary to reach any other issues, except that we find that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK