People v Beniquez (2019 NY Slip Op 07012)





People v Beniquez


2019 NY Slip Op 07012


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


3109/14 9949 9948

[*1]The People of the State of New York, Respondent, 
v
Jose Beniquez, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Miguel Gonzalez, Defendant-Appellant.


Marianne Karas, Thornwood, for Jose Beniquez, appellant.
Feldman and Feldman, Uniondale, (Arza Feldman of counsel), for Miguel Gonzalez, appellant.
Miguel Gonzalez, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Hilary Hassler of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered January 25, 2017, convicting defendant Beniquez, after a jury trial, of murder in the second degree, conspiracy in the second degree, gang assault in the first degree and assault in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed. Judgment, same court, Justice and date rendered, convicting defendant Gonzalez, after a jury trial, of manslaughter in the first degree, conspiracy in the fourth degree, assault in the first degree and gang assault in the first degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.
Except for Beniquez's argument that the People failed to establish his intent to kill, which we find unavailing, both defendants' legal insufficiency claims are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the verdicts were supported by legally sufficient evidence, and we also find that they were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The testimony by one of the members of a gang who participated in carrying out a plan to commit the stabbing was abundantly corroborated by other evidence, including police testimony and cell phone records. This extensive evidence not only satisfied the accomplice corroboration requirement (CPL 60.22[1]), but rendered the proof overwhelming. Contrary to Beniquez's individual argument, the evidence supports a reasonable inference that, acting as a gang leader, he authorized the planned attack.
Beniquez's evidentiary arguments are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Moreover, any error in any of the court's evidentiary rulings was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Beniquez's ineffective assistance of counsel claim related to the lack of preservation is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, [*2]the record. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing either of the sentences.
Gonzalez's pro se claims are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK