People v Gonzalez (2019 NY Slip Op 08532)





People v Gonzalez


2019 NY Slip Op 08532


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10444 1436/11

[*1] The People of the State of New York, Respondent,
v
Emilio Gonzalez, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered September 16, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of inconsistencies in testimony. The testimony of the two principal witnesses was consistent as to the critical facts.
The court providently exercised its discretion in admitting a tape of a 911 call made after the stabbing, in which screaming and crying, undisputedly qualifying as excited utterances, are heard. "The tape was relevant to corroborate some of the testimony, and was not so inflammatory that its prejudicial effect exceeded its probative value" (People v Harris, 99 AD3d 608, 609 [1st Dept 2012], lv denied 21 NY3d 1004 [2013]). Defendant did not preserve his claim that the People failed to lay a proper foundation for admission of the 911 tape, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. A witness's testimony supported a reasonable inference that, although she was not the caller, she was a participant who could properly authenticate the call, and not merely identify the voices (see People v Ely, 68 NY2d 520, 527-528 [1986]).
The only one of defendant's challenges to the prosecutor's summation that is arguably preserved is his claim that the prosecutor evoked sympathy by referring to defendant's potential for a long life, unlike the fate of the victim. The court sustained an objection, and the remark was not so egregious as to warrant a mistrial. Defendant did not preserve any of his other challenges to the summation, or his claims regarding the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found
to be unpreserved (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK