People v Duarte (2020 NY Slip Op 01450)





People v Duarte


2020 NY Slip Op 01450


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


2747/14 11189A 11189

[*1] The People of the State of New York, Respondent,
v
Bismark Duarte, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Eugene Oliver, J.), rendered January 23, 2017, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of three years, and order, same court (David L. Lewis, J.), entered on or about May 17, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
After an evidentiary hearing, the court properly denied defendant's motion, in which he alleged that the attorney who represented him at the time of his plea rendered ineffective assistance by failing to investigate allegedly exculpatory information. There is no basis for disturbing the court's determination, in which it credited the attorney's testimony that he never received an affidavit by a person claiming "ownership" of the pistol that defendant was charged with possessing. There was no evidence to the contrary, and defendant presented no testimony or other evidence supporting his claim that such an affidavit ever existed. Defendant, who had the burden of proof, did not testify at the hearing, and the version of the facts set forth in his own affidavit was never tested by cross-examination.
In any event, we note that defendant was charged with illegally possessing a pistol at a particular time, regardless of whether someone else claimed to be the "owner."
The record otherwise shows that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK