People v Smith (2020 NY Slip Op 01710)





People v Smith


2020 NY Slip Op 01710


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11260 2205/13

[*1] The People of the State of New York, Respondent,
v
David Smith, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David A. Slott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered December 12, 2014, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). On the contrary, the evidence of defendant's guilt was overwhelming. There is no basis for disturbing the jury's determinations regarding identification and credibility. The victim's testimony was corroborated by that of a police sergeant who observed the robbery, as well as by the recovery of incriminating evidence from defendant and his codefendant immediately after the crime.
Defendant did not preserve his challenge to trial testimony that the People had agreed not to introduce, and which therefore had never been the subject of an otherwise-required suppression hearing, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. It was defense counsel who first introduced this evidence on cross-examination, thereby opening the door to the People's appropriate clarification of the issue on redirect, as well as through another witness. In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). We have considered and rejected defendant's ineffective assistance of counsel claim relating to this issue (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK