People v Bradford (2021 NY Slip Op 00811)





People v Bradford


2021 NY Slip Op 00811


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Ind No. 503/16 Appeal No. 13061 Case No. 2019-4480 

[*1]The People of the State of New York, Respondent,
v
Mark Bradford, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York Count (Michael R. Sonberg, J.), rendered April 17, 2017, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of nine years, unanimously affirmed.
Defendant failed to preserve his claim that the court erred by instructing the jury that he had a duty to retreat in connection with his justification defense, and we decline to review it in the interest of justice. As an alternative holding, we find that while the crime occurred in the homeless shelter where defendant lived, it occurred in a portion of the shelter that was not part of his dwelling for purposes of the exception to the duty to retreat (see People v Hernandez, 98 NY2d 175, 182-83 [2002]; see also People v Williams, 78 AD3d 1508 [4th Dept 2010], lv denied 16 NY3d 746 [2011]).
Defendant also failed to preserve his claim that the evidence was legally insufficient to support the attempted first-degree assault conviction, and we decline to review it in the interest of justice. As an alternative holding, we find that the evidence was legally sufficient, and we also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). "The evidence supports the inference that when defendant stabbed the victim in the chest he did so with intent to cause serious physical injury" (People v Peguro, 157 AD3d 589, 590 [1st Dept 2018]).
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021