People v Jenkins (2021 NY Slip Op 05637)





People v Jenkins


2021 NY Slip Op 05637


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Ind No. 70/15 Appeal No. 14373 Case No. 2018-2779 

[*1]The People of the State of New York, Respondent,
v
Devon Jenkins, Defendant-Appellant.


Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered November 3, 2017, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 18 years to life, unanimously affirmed.
Defendant's conviction was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant drove a codefendant to, and away from, the place where the codefendant shot the victim. The People's circumstantial case, viewed as a whole, supported the conclusion that defendant acted in concert in the shooting (see Penal Law § 20.00) and it refutes the claim that he was merely driving when the codefendant spontaneously or unexpectedly hopped out and shot the victim.
The isolated portion of the prosecutor's summation to which defendant objected on the ground of speculation was not prejudicial, particularly in light of the court's instructions. Defendant did not preserve his remaining challenges to the summation, and we decline to review them in the interest of justice. As an alternative holding, we find that to the extent any of the prosecutor's remarks were improper, they were not so egregious as to warrant reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant has not established that he received ineffective assistance of counsel under the state or federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). He cites only a single deficiency in failing to seek redaction of two remarks in defendant's videotaped statement, played at least a week prior to deliberations, which vaguely suggested he had a criminal history and a court appearance in an unspecified court. Defense counsel herself acknowledged she was "quite sure [the jury] did not catch" those comments, after which those comments were never replayed or repeated for the jury. Defendant does not dispute that counsel otherwise provided effective assistance. Thus, even assuming the statements should have been redacted, defendant has not shown that this single oversight fell below an objective standard of reasonableness, or deprived him of a fair trial or affected the
outcome of the case (People v Blake, 24 NY3d 78, 81-82 [2014]; People v Caban, 5 NY3d 143, 155-156 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021