People v Lopez (2023 NY Slip Op 03556)

People v Lopez

2023 NY Slip Op 03556

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Ind. No. 1154/13 Appeal No. 564-564A-564B Case No. 2018-4144 

[*1]The People of the State of New York, Respondent,
v
Sammy Lopez, Defendant-Appellant.

Larry Sheehan, Bronx, for appellant.
Darcel D. Clark, District Attorney, Bronx (Julia L. Chariott of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered May 18, 2018, convicting defendant, after a jury trial, of assault in the first degree, attempted assault in the first degree (two counts), and coercion in the first degree (four counts), and sentencing him, as a second violent felony offender, to an aggregate term of twelve years; and orders, same court and Justice, entered on or about September 27, 2018 and April 28, 2020, which denied defendant's CPL 440.10 motions to vacate the judgment, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence warrants the conclusion that defendant acted in concert (see Penal Law § 20.00) with other members of a labor coalition who assaulted and injured workers at a construction site. Among other things, defendant handed out axe handles to other participants in the attack, and he personally raised an axe handle at one of the intended victims.
The court providently permitted the People to introduce carefully limited evidence of prior incidents in which the coalition sought jobs at construction sites to show a common scheme or plan, while excluding evidence of incidents that were remote in time, overly prejudicial, lacking in continuity or that included deviations from the common features characterizing the common scheme or plan (see People v Alvino, 71 NY2d 233, 242 [1987]; People v Fiore, 34 NY2d 81, 84-87 [1974]; People v Duffy, 212 NY 57, 66-71 [1914]).
The evidence at the hearing conducted on defendant's CPL 440.10 motion established that he received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-14 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's conduct, including his consultations with his client regarding plea negotiations and related matters, was either objectively unreasonable or prejudicial. The evidence supports the conclusion that defendant was aware of the People's plea offer, as well as his sentencing exposure if convicted after trial, both of which were discussed in open court in defendant's presence, and that defendant had no interest in any plea involving
incarceration.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023