People v Wright (2025 NY Slip Op 00463)

People v Wright

2025 NY Slip Op 00463

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2018-07456
 (Ind. No. 7685/16)

[*1]The People of the State of New York, respondent,
v
Lamont Wright, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino and Yaniv Kot of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered March 23, 2018, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and stalking in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial when the Supreme Court admitted into evidence a photograph of the victim taken after the subject crime is without merit. "Photographic evidence 'should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant'" (People v Branch, 224 AD3d 919, 921, quoting People v Pobliner, 32 NY2d 356, 370). "When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photograph outweighs any prejudice to the defendant" (People v Abellard, 212 AD3d 842, 843; see People v Oliver, 193 AD3d 1081, 1083). Here, the photograph was relevant to material issues in the case, and the photograph was "'not so inflammatory as to deprive [the defendant] of a fair trial'" (People v Branch, 224 AD3d at 921, quoting People v Abellard, 212 AD3d at 843). Thus, the court did not improvidently exercise its discretion in admitting the photograph.
Furthermore, contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 146-147). The defendant also was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court