People v Squire (2025 NY Slip Op 02882)

People v Squire

2025 NY Slip Op 02882

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Ind. No. 5377/09|Appeal No. 4332|Case No. 2024-01471|

[*1]The People of the State of New York, Respondent,
v
Londell Squire, Defendant-Appellant.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about February 5, 2024, which denied, without a hearing, defendant's CPL 440.10 motion to vacate the judgment of conviction, same court (Thomas A. Farber), rendered May 17, 2011, as amended June 6, 2011, unanimously affirmed.
The court properly denied defendant's CPL 440.10 motion claiming violations of the People's disclosure obligations under Brady v Maryland (373 US 83 [1963]) and People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866 [1961]). Only one of the police follow-up reports defendant addresses constituted a statement of a witness related to the subject matter of his testimony (see People v Fridman, 162 AD2d 136, 138 [1st Dept 1990], lv denied 76 NY2d 893 [1990]) and the record clearly shows that this report was disclosed to the defense. Similarly, the only report that contained exculpatory matter recounted defendant's statement to police after his arrest. "Evidence is not suppressed where the defendant 'knew of, or should reasonably have known of, the evidence and its exculpatory nature'" (People v LaValle, 3 NY3d 88, 110 [2004], quoting People v Doshi, 93 NY2d 499, 506 [1999]).
Because defendant fails to establish any Brady or Rosario violation, his contention that counsel's failure to pursue such claims constituted ineffective assistance of counsel is unavailing (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025